IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,

     Plaintiff,                                   ORDER

v.

                                       Case No.  17-cv-187-wmc

DENNIS RICHARDS, et al.

     Defendants.

Plaintiff Christopher Goodvine has filed a civil complaint against the Sheriff and various employees of the Columbia County Jail.  Goodvine is seeking leave to proceed *in forma pauperis*, and the court is currently awaiting receipt of plaintiff's initial partial filing fee payment, which is due April 24, 2017.  Because the court has not yet taken Goodvine's complaint under advisement for screening pursuant to 42 U.S.C. § 1915A, the defendants have not been served and discovery has not begun.  However, Goodvine has filed a time-sensitive Motion for Order (dkt. 6) which I will address now and grant in part.

In his motion, Goodvine explains that the Columbia County Jail is in possession of 17 of Goodvine's books, which will be destroyed if they are not retrieved from the jail by April 14, 2017.  Goodvine is currently incarcerated at Dodge Correctional Institution (DCI), and he has represented that those books contain evidence related to his claims in this lawsuit, and he "cannot impose upon his family to drive hundreds of miles to pick up books."  (Dkt. 6.) He thus asks the court to issue an order directing Columbia County Jail to mail his books to him at DCI.

I will accept Goodvine's representations as true for the purposes of this order and I will construe his motion as a "preservation letter," which is common in civil litigation even

1

prior to complaints being filed.  As the burden on the Columbia County Jail to preserve Goodvine's books would be minimal, I will grant Goodvine's request, but only to the extent that the defendants will be required to preserve Goodvine's books pending further proceedings of this lawsuit.

At this point, the court cannot issue an order requiring the jail to actually mail Goodvine's books to him at DCI.  Such an order would be premature because discovery has not begun so there is no need for Goodvine to access the evidence related to his claims. Further, Goodvine not report that he has taken any steps on his own to obtain his books from the jail.  Goodvine may have avenues by which he can obtain his books without a court order.  For one, Goddvine can run his request for his books through DCI officials, who may be able to reach out to the jail on his behalf.   If that doesn't work, Goodvine could ask his friends or family to retrieve the books on his behalf.  While Goodvine reports that he does not want to inconvenience his family members, he has not suggested that he has even asked his friends or family to retrieve the books on his behalf, or that they are unable or unwilling to make the trip.  Because it is not yet apparent that Goodvine cannot retrieve the books without an order from this court, the court will deny without prejudice his request for an order requiring the jail to mail him his books.  Goodvine may renew this motion later date if he can show that he needs the books to proceed with any claims for which this court grants leave to proceed , and that the defendants are preventing him from accessing them.

ORDER

IT IS ORDERED that Plaintiff Christopher Goodvine's Motion for Order (dkt. 6) is GRANTED in part and DENIED in part as follows:

1.  Goodvine's request to preserve his 17 books from destruction is GRANTED.  The clerk of court is directed to serve this order on the Sheriff of Columbia County so that the sheriff can direct defendants to preserve the books pending further proceedings in this lawsuit.

2.  Goodvine's request for an order that the jail to mail his books to him at DCI is DENIED without prejudice.

Entered this 5th day of April, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge