IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────

CHRISTOPHER GOODVINE,

    Plaintiff,

v.

DENNIS RICHARDS, ET AL.,

    Defendants.

OPINION and ORDER

17-cv-187-wmc

─────────────────────────────────────────────

Plaintiff Christopher Goodvine is proceeding in this lawsuit on Fourteenth Amendment claims related to incidents that took place in February of 2017, when Goodvine was being held at the Columbia County Jail. In particular, the court allowed Goodvine to proceed on claims against numerous defendants related to their alleged failure to prevent Goodvine from harming himself on February 16, 17, 21, 22, and 23 of 2017. While Judge Conley will be resolving defendants' exhaustion-related motions, certain defendants recently filed a motion to compel (dkt. 78), which I am granting.

Defendants Columbia County, Dennis Richards, Darrel H. Kuhl, Jr., Jason Stilson, Brian Kjorlie, Robert Kiefer, Kyle Williams, Melanie McLaughlin, Ryan Ringelstetter, Nicole Oetzman, Adam Wagner, Jessica Yanez, Susan Draeger, Darin Daveau, Melissa Altschwager, Chandra DeYoung, Daniel Hayes, Rebecca Peterson (n/k/a Guenwald), David Wenger, Kimberly Bursaw, and Ann Fischer ("County Defendants") seek an order compelling Goodvine to respond to their discovery requests, as well as an order requiring Goodvine to pay the costs and fees incurred in bringing this motion. The County Defendants explain that their counsel mailed discovery requests to Goodvine in January of

1

2019, and they received Goodvine's responses on April 1, 2019, but Goodvine did not produce any of the documents requested, and his responses were either minimal or nonresponsive. Accordingly, on June 18, 2019, defense counsel sent Goodvine a letter, explaining that his responses to Interrogatories 1 and 11 and Requests for Production Noes. 3, 5, 7, 10, 11, and 12 were inadequate. Here are the deficiencies defendants pointed out:

**Interrogatory No. 1:** Defendants asked Goodvine to provide all facts and identify and product documents that formed the basis of his denial of Request for Admission No. 2. Goodvine failed to provide any facts or produce or identify any documents in support of his denial.

**Interrogatory No. 11:** Defendants asked Goodvine to itemize all losses and expenses he claims to have incurred as a result of the County Defendants' actions identified in the complaint in this lawsuit. Goodvine responded that he was not able to itemize the losses "at present," and defendants followed up by asking Goodvine to generally identify what losses he believed he had incurred and what he felt he did not have access to that was preventing him from itemizing losses with specificity. Goodvine did not respond.

**Request Nos. 3, 5, 7, and 10:** Defendants represent that Goodvine failed to produce copies of responsive documents.

**Request for Production Nos. 11 and 12:** Defendants represent that Goodvine completely failed to respond to these requests.

Goodvine has not opposed motion, and I agree that he is obliged to respond more fully, as the County Defendants have requested. While I am declining to grant the County

2

Defendants' request for fees and costs, I will order Goodvine to respond more fully to the County Defendants' discovery requests. Accordingly, Goodvine has until **October 11, 2019,** to respond substantively to each of the County Defendants' discovery requests outlined above.

Goodvine's failure to respond by this deadline may have two consequences: (1) the court will freeze his evidentiary record and precluded from using any information that would be responsive to this interrogatory for any purpose in this lawsuit, and (2) defendants likely will seek sanctions under Federal Rule of Civil Procedure 37. In Goodvine's other open lawsuit in this court, *Goodvine v. Bursaw*, No. 18-cv-259-wmc, defendants have moved for dismissal under Rule 37, and Judge Conley has issued an order warning Goodvine that his failure to oppose defendants' motion would result in dismissal of his lawsuit with prejudice.

ORDER

IT IS ORDERED that the County Defendants' motion to compel (dkt. 78) is GRANTED, as provided above.

Entered this 27th day of September, 2019.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge